UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------X

SHAWON C. TAYLOR

                                                             DOCKET

                        PLAINTIFFS

-AGAINST-                                           COMPLAINT


BRONX PARENT HOUSING NETWORK                    JURY TRIAL DEMANDED

VICTOR RIVERA

THE CITY OF NEW YORK

                        DEFENDANTS

--------------------------------------------------------------------------------X

Plaintiff  by and through their Attorneys Martin Druyan and Associates Attorneys, as and for

their verified complaint state and allege as follows.


                        JURISDICTION

1. This Court has jurisdiction of this action as it alleges violations of  Title VII of the United

   States Code, 42 U.S. Code  (U.S.C hereafter ) Subv. Vi, 42 U.S.C. s. 21, 2000e 1-17 Civil

   Rights Act, Ch. 21 Equal Employment Opportunity Commission; Sec. 1981 U.S.C.  Sect.

   703 Title VII, Title 29 Part 38 Labor, 45 Code Fed. Reg. Labor sect 73,.735, 306 Sexual

   Harassment Prohibited, Title 29 Code Fed. Reg.  Labor, EEOC Labor sect 1604.11 et al

   related statutes as Plaintiff alleges employment discrimination, unjust termination,

   hostile work environment, retaliation,  and sexual harassment by Plaintiff against the

Defendant employer Bronx Parent Housing Network (BPHN, hereinafter)  and

Defendants Director, Supervisors, stated above .

2.  Plaintiff received a U.S. E.E.O.C. Notice of Right To Sue letter on about March 2021

against Defendants except the City of New York.

3.  A Jury trial is demanded as to all issues pursuant to FRCP R. 38

PARTIES

4.   *At all times hereinafter mentioned:*

5.  *Plaintiff Shawon C. Taylor is a resident of New York State, Southern District of New York.*

6.   Defendant Employer Bronx Parent Housing Network (BPHN hereinafter)  is a not for

profit New York State corporation and charity, doing business in Bronx County, New

York City.

7.  BPHN is incorporated and registered as a not for profit corporation in New York State.

8.  Victor Rivera was the director of BPHN until about Feb. 2021, upon information and

belief he is a resident of Bronx County.

9.   Vanessa Santiago was an employee of BPHN .

10.  The City of New York was a municipal corporation incorporated pursuant to the laws of

New York State.

11.      FACTS UNLAWFUL TERMINATION, CONSTRUCTIVE TERMINATION, RETALIATION

12. Plaintiff SHAWON C. TAYLOR is a former employee of Def. BPHN

13. Plaintiff Taylor was at all times a loyal, conscientious employee with commendations,

and positive work reviews for her excellent work performance.

14. As the result of the discrimination and retaliation described herein, Plaintiff in about May 2021 was coerced to leave her director management position with Defendant BPHN with a salary of about $80,000. Yearly  to take a $40,000. Yearly salaried job with the City of New York.

HOSTILE WORK ENVIRONMENT, UNLAWFUL TOUCHING, BATTERY, ASSAULT, SEX HARASSMENT,  RETALIATION,   2019, 2020, 2021

CAUSES OF ACTION

15. In about 2019, 2020, 2021 the Plaintiff as a black female was discriminated against by Defendants in all aspects of the terms of her employment as the result of sex and race discrimination and hostile work environment

16. In Jan. 2021 Defendant Victor  Rivera hugged and physically embraced Plaintiff, against her will without her consent, that this had occurred on other instances in  Jan. 2021 and in 2020.

17. In 2020, and 2019:  Def. Rivera would make personal comments that caused Plaintiff anxiety and distress in the sexualized atmosphere he created and Defendants tolerated and condoned, saying "Hey Ms. Taylor you look good, you lost weight,  repeatedly saying:

18. " You are bright and sexy, you have a peach face, when Plaintiff was called and directed into Def. Rivera's office, without any business purpose,  saying repeatedly "come on ", as a sexual come on, saying again and again, "looking good, looking good" in a sexually abusive leering tone.

19. This abusive behavior was assisted and encouraged by Ms. Rivera, Def. Rivera's wife, who was also a "friend and mentor" to Plaintiff.

20. Defendant Rivera daily and repeatedly called Plaintiff on her private phone, during and after work hours, 5pm. 6pm, 6:30pm, 7 pm, and later after work hours, and in e mails, 35 minutes each call,  of a social, attempted seduction, personal nature, not business related, which often ended  "I'll come and see you", which Plaintiff declined these sexual approaches, come ones, all harassment.

21. During these calls Def. Rivera would demand information regarding staff and client complaints about his many sexual approaches and harassment allegations against him, lawsuits complaints pending, "what's wrong", again and again, in repetition that was abusive and tiring to Plaintiff, Def. Rivera constantly intimidating Plaintiff, demanding all personal and other information about BPHN employees he needed for his defense against many charges of sex abuse and discrimination pending against him.

22. Plaintiff was invited to Defendant Rivera's home where Plaintiff was repeatedly questioned regarding all the numerous pending allegations of sex abuse and harassment directed against Def. Rivera by clients and staff of BPHN.

23. Plaintiff would respond to him: repeatedly "stop what you are doing," and other words to that effect, during all these conversations, again and again, throughout the years, causing anxiety and distress to Plaintiff as Def. Rivera continued his sex abuse practices throughout these years

24.                    WORK DISCRIMINATION COMPENSATION, ASSIGNMENTS

25. During these years Plaintiff  a black female, was denied promotions and more favorable compensation that was paid to other female employees who had sex with Mr. Rivera

26. Plaintiff was coerced to work out of title, extra hours without proper, adequate compensation, see herein, she worked two positions in 2020 and 2019.

27. That other employees, females, who had sex with Defendant Rivera and his friends at BPHN  received promotions, better compensation, and favored work assignments, than Plaintiff a black female who refused sex with Defendant Rivera.

28. Plaintiff was directed to do additional work, out of title, without additional fair compensation, she was given only a $5,000. Yearly raise when other sexually cooperating females with Def. Rivera were given greater dollar raises.

29. In 2020 despite repeated protests, and broken contract promises, Plaintiff was denied tuition assistance,

30. e facts Plaintiffs assert the following causes of action:

FIRST ACTION

31.  Plaintiffs states a cause of action for unlawful sex harassment as an employee prohibited by an employer or supervisor, or other employee or agent, or contractor of Defendants pursuant to 42 U.S. Code  (U.S.C hereafter ) Subv. Vi, 42 U.S.C. s. 21, 2000e 1-17 Civil Rights Act, Ch. 21 Equal Employment Opportunity Commission; Sec. 1981 U.S.C.  Sect. 703 Title VII, Title 29 Part 38 Labor, 45 Code Fed. Reg. Labor sect 73,.735, 306 Sexual Harassment Prohibited, Title 29 Code Fed. Reg.  Labor, EEOC Labor sect 1604.11 et al related statutes.

SECOND ACTION

32. Plaintiffs claims and appends the New York State Statute McKinneys 201g Labor Law,

N.Y.S. Executive Order 19 Workforce Investment Act 1998. , et al., and related statutes,

prohibiting employer sexual harassment of their employees, and mandating education

and supervision of all Defendants

33.                     THIRD ACTION

34.  Plaintiffs claims and appends the New York City Title 18 Administrative Code, NYC

Local Law 95, Sect. 107.1 victims (96) 2018, et al, an relates statutes,  prohibiting

employer sexual harassment of employees and mandating education and supervision

of all Defendant personnel,  employees, supervisors, volunteers, agents, to avoid and

prevent sex harassment and sex abuse of employees as the infant Plaintiff herein.

FOURTH ACTION

35.  Plaintiffs claims and appends the common law New York State laws creating actions  at

law for assault, battery, negligence, prima facie tort, sexual assault, unlawful touching.

36.                     FIFTH ACTION

37.  That the Defendant City of New York had knowledge of the complaints of sex

harassment of Director Rivera of employees and aid recipients, the settlements of

money aid to victims of his harassment.

38.  That the Defendant City of New York, ignored the enforcement of all discrimination

and sex harassment laws against the Defendants, and continually to fund BPHN with

millions of dollars of tax payer monies, paying and keeping Def. Dir. Rivera in his

position as director where he was able to continue his and his friends and associates

campaign of harassment, retaliation, bribery, against of employees and aid recipients

DAMAGES ALLEGED

39. Plaintiff claims statutory damages, all lawful punitive damages, costs, attorney  fees

and disbursements and interest pursuant the U.S., N.Y. S., and N.Y.C. statutes, codes,

regulations stated and cited above.

40. In addition to the statutory damages and remedies alleged and claimed herein, Plaintiff

claims as common law damages pursuant to all the New York State claims stated

above, as the result of the Defendants actions, negligence, omissions, and failures, the

unlawful touching and sex assault, harassment described herein.

41. Those common law damages  are stated supra and infra including all lawful punitive,

exemplary damages, and compensatory damages.

42. As damages in all actions asserted in this complaint , Plaintiff has suffered the following

permanent physical and mental injuries and  damages including but not limited to:

Physical, emotional,  psychiatric and mental distress and alarm, physical illness, trauma,

being upset,  loss of sleep, unhappiness, that have diminished Plaintiff's ability to work

and employment opportunities, so that Plaintiff's lifelong earning capacity is

diminished, permanently, and continuing to date, every aspect of her life is damaged.

43. As damages in all actions herein, Plaintiffs have been required to spend monies and to seek medical treatment and all manner of therapy for Plaintiff's permanent injuries and damages in the past, present and future as a result of the actions of the Defendants as alleged herein.

44. Plaintiff demands five million dollars as damages herein.

CERTIFICATION AND CLOSING

45. Under F.R.C.P. 11 by signing below I certify to the best of my knowledge, information and belief that this complaint:

46. This complaint is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, 2. Is supported by existing law or by non frivolous argument for extending modifying or reversing existing law, 3. The factual contentions have evidentiary support, or if specifically so identified will likely have evidentiary support after a reasonable opportunity for further investigation, or discovery, and 4. The complaint otherwise complies with the requirements of Rule 11 FRCP.

Date of Signing :    March 22,  2021

S/  MARTIN DRUYAN ESQ.

MARTIN DRUYAN ESQ. ,     NYS 1172188

MARTIN DRUYAN AND ASSOCIATES ATTORNEYS

Attorneys for Plaintiffs

450 7TH AVE N.Y., N.Y. 10123 SUITE 3700

212-279-5577, 917-861 4836

MD@DRUYANLAW.COM

.

54