UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAWON C. TAYLOR,

                Plaintiff,

     -against-

BRONX PARENT HOUSING NETWORK, et al.,

                Defendants.

1:21-cv-04890 (JLR)

**OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

    Plaintiff Shawon C. Taylor ("Plaintiff") commenced this action against the Bronx Parent Housing Network ("BPHN"), its former director Victor Rivera ("Rivera"), and the City of New York (the "City" or "Defendant"), asserting: (1) violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); (2) violations of New York Labor Law § 201-g; (3) violations of New York City Human Rights Law § 8-107; (4) common law claims for "assault, battery, negligence, prima facie tort, sexual assault, [and] unlawful touching"; (5) an unspecified claim against the City based on allegations that it continued to fund BPHN while aware of its misconduct; and (6) breach of contract. ECF No. 35 ("Amended Complaint" or "FAC"). Plaintiff settled her claims against BPHN and Rivera, leaving the City as the sole remaining defendant. *See* ECF No. 56. Presently before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim. ECF No. 57. For the following reasons, Defendant's motion is GRANTED in part and DENIED in part, and the Amended Complaint is DISMISSED.

## BACKGROUND[1]

BPHN is a non-profit registered in New York State that assists individuals who are homeless. FAC at 2 ¶¶ 6-7, 4 ¶ 24. Rivera was director of BPHN until February 2021. *Id.* at 2 ¶ 8. Plaintiff worked for BPHN from 2019 until approximately 2020 or 2021. *Id.* at 16 ¶ 24, 18 ¶ 36. The City is a municipal corporation incorporated under the laws of New York State. *Id.* at 2 ¶ 10.

The Amended Complaint alleges a "sexualized hostile work environment" at BPHN. *Id.* at 9 ¶ 33.a, 15 ¶ 41. It alleges that Plaintiff, a woman, "suffered unlawful sex harassment, discrimination and retaliation" during her employment. *Id.* at 4 ¶ 21. Plaintiff alleges that Rivera, as director of BPHN, made "sexually abusive comments" to her, including saying "come on" and "looking good" in a "sexually abusive leering tone." *Id.* at 15 ¶ 39, 17 ¶¶ 26-27. Plaintiff alleges that she was "denied promotions and more favorable compensation than was paid to other female employees who had sex with Mr. Rivera," and that she was forced to perform additional work without commensurate compensation. *Id.* at 18 ¶¶ 35-36, 38. Plaintiff further alleges that Defendant did not reimburse her for tuition assistance covered under her employment agreement. *Id.* at 22 ¶ 59.

The Amended Complaint alleges that BPHN terminated Plaintiff's employment both "in about August 2020" and also "in about May 2021." *Id.* at 15 ¶ 43, 16 ¶ 23. It further alleges that Rivera resigned from BPHN in either February or March 2021, and that he was indicted on

---

[1] The facts stated herein are taken from the Amended Complaint and accepted as true for purposes of this motion. Because the Amended Complaint does not contain sequential paragraph or page numbers, the Court refers to the ECF-generated page numbers and, where applicable, the paragraph numbers on those pages.

2

unspecified charges in March 2021. *Id.* at 4 ¶ 26, 20 ¶ 49. The Amended Complaint seeks $5,000,000 in damages from BPHN, Rivera, and the City. *Id.* at 23 ¶ 65.

Plaintiff filed her Complaint on June 2, 2021, ECF No. 1, and her Amended Complaint on January 27, 2022. After multiple mediation sessions, Plaintiff settled her claims against BPHN and Rivera. ECF No. 56. The City thereafter moved to dismiss the remaining claims on November 21, 2022. Mot.; *see* ECF No. 58 ("Br."). Plaintiff opposed the motion on December 18, 2022. ECF No. 61 ("Opp."). The City filed its reply on January 9, 2023. ECF No. 66 ("Reply"). The City filed supplemental authority on March 22 and May 23, 2023, identifying recent decisions from this District dismissing substantially similar cases brought by Plaintiff's counsel against BPHN, Rivera, and the City. *See* ECF Nos. 72 (citing *Byron v. Bronx Parent Hous. Network*, No. 21-cv-02568 (MKV), 2023 WL 2585824 (S.D.N.Y. Mar. 20, 2023)), 73 (citing *Flynn v. Bronx Parent Hous. Network, Inc.*, No. 21-cv-02871 (NRB), 2023 WL 3582201 (S.D.N.Y. May 22, 2023)); *see also* Br. (citing *Britton v. Bronx Parent Hous. Network, Inc.*, No. 21-cv-07079 (JPO), 2022 WL 4332735 (S.D.N.Y. Sept. 19, 2022)).

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 72 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 680 (2009)). The Court draws all reasonable inferences in the plaintiff's favor, and accepts as true all non-conclusory allegations of fact. *Id.* However, a complaint must allege "more than a sheer possibility that a defendant has acted unlawfully" and more than "facts that are 'merely consistent with' a defendant's liability." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id.* Determining whether a complaint states a claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In making this determination, a court is generally limited to the "facts stated on the face" of the complaint. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (internal citation omitted).

## DISCUSSION

Defendant argues that the Amended Complaint should be dismissed with prejudice under Rule 12(b)(6) because it fails to state any claim against the City. *See generally* Br.; Reply. Plaintiff argues that Defendant's motion should be denied because the Amended Complaint states viable claims against the City concerning her employment at BPHN. *See generally* Opp. For the reasons that follow, the Court concludes that the Amended Complaint fails to state a claim against the City under federal law, declines to exercise supplemental jurisdiction over Plaintiff's claims brought under state and/or local law, and dismisses the Amended Complaint in its entirety.

### I.  Plaintiff's Deficient Submission

As a threshold issue, Defendant requests that the Court disregard Plaintiff's opposition brief because it does not comply with the Local Rules and the Court's Individual Rules. *See* Reply at 1. Defendant points out that Plaintiff's opposition brief lacks a table of contents, a table of authorities, appropriate headings, and proper citation to authorities. *Id.* It also improperly references extraneous "facts" outside of the Amended Complaint. *Id.*

A district court may exercise its discretion in considering or rejecting briefs that do not comply with court rules. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply

4

with local court rules."). The Court agrees with Defendant that Plaintiff's brief violates the Local Rules and this Court's Individual Rules because it does not contain a table of contents, table of authorities, or appropriate headings. *See* Local Civ. R. 7.1(a)(2); Individual R. 3(C). Plaintiff's opposition brief also fails to properly cite to its sources, directing the Court, at least once, to simply "see Google." Opp. at 11 ¶ 34. The brief is riddled with redlined revisions and typographical errors. *See generally id.* It is sloppy, with numerous grammatical errors, sentence fragments, and many sentences that are difficult to discern. *See id.* It also appears to refer to Plaintiff by the wrong name in numerous paragraphs. *See, e.g.*, *id.* at 12, 18, 19, 20, 21, 22, 24 (referring to "Plaintiff Byron"); *id.* at 19 (referring to "Plain. Flynn").

To say the very least, Plaintiff's opposition brief is not what the Court requires or expects from counsel. Notwithstanding this, the Court will exercise its discretion and consider Plaintiff's opposition brief in full. Plaintiff and her counsel are warned that failure to comply with the rules in the future will result in the imposition of sanctions. *See, e.g.*, *Testing Servs., N.A. v. Pennisi*, 443 F. Supp. 3d 303, 325 (E.D.N.Y. 2020) (considering brief but warning that future non-compliance would result in sanctions); *Sgalambo v. McKenzie*, 739 F. Supp. 2d 453, 464 n.4 (S.D.N.Y. 2010) (considering brief but warning that future non-compliance would result in rejection of brief).

### II. Count One

Under Title VII, it is unlawful "for an employer . . . to discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). By its plain text, Title VII is limited to discrimination *by an employer*. *Id.* Therefore, "the existence of an employer-employee relationship is a primary element of Title VII claims." *Felder v. U.S.*

*Tennis Ass'n*, 27 F.4th 834, 842 (2d Cir. 2022) (quoting *Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006)).

Neither the Amended Complaint nor Plaintiff's opposition brief clearly set forth the basis for an employment relationship between the City and Plaintiff. Construed most liberally, the Court can discern three alternative theories for an employer-employee relationship in the Amended Complaint: (i) a formal employer theory; (ii) a single employer theory; and (iii) a joint employer theory. *See generally* FAC; Opp. Defendant argues that all three theories fail. *See* Br. at 5-21. For the reasons that follow, the Court finds that the Amended Complaint does not plausibly allege an employer-employee relationship between the City and Plaintiff, and therefore fails to state a Title VII claim against the City.

### A. Formal Employer Theory

To plead a formal employment relationship, a plaintiff must allege that she was "hired by" the putative employer. *United States v. City of New York*, 359 F.3d 83, 91-92 (2d Cir. 2004). To establish that she was hired, a plaintiff must allege "that she received renumeration" from the putative employer "in some form for her work." *Id.* at 92. Plaintiff does not do so here.

The Amended Complaint does not allege that the City hired Plaintiff. *See generally* FAC. Nor does it allege that Plaintiff "received renumeration" from the City. *City of New York*, 359 F.3d at 92. Instead, the Amended Complaint expressly alleges that Plaintiff was employed by BPHN – not the City – and that BPHN paid Plaintiff's salary. *See* FAC at 12 ("Plaintiff was re[n]u[m]erated by BPHN . . . ."), 16 ¶ 21 ("Plaintiff Shawon C. Taylor is a former employee of Def. BPHN."); *see also id.* at 4 ¶ 21, 15 ¶ 43. At best, Plaintiff alleges that the City indirectly compensated her by providing government funding to BPHN as a whole. *See id.* at 9 ¶ 36, 12. However, "such an indirect source of funds cannot be the basis for Title VII liability." *Gulino*,

460 F.3d at 379 (rejecting similar argument made by Plaintiff here and holding that government funding of entity was not renumeration to the entity's employee).

Accordingly, to the extent Plaintiff advances a formal employer theory, it fails. *See, e.g.*, *Byron*, 2023 WL 2585824 at *2 (finding no formal employer-employee relationship between the plaintiff and City based on the City's funding of BPHN); *Flynn*, 2023 WL 3582201 at *2 & n.5 (same).

### B.  Single Employer Theory

In the absence of a formal employer relationship, a plaintiff may bring a Title VII claim if the defendant is "part of a single integrated enterprise" with another entity that employs the plaintiff. *Arculeo v. On-Site Sales & Mktg., L.L.C.*, 425 F.3d 193, 198 (2d Cir. 2005) (quoting *Clinton's Ditch Coop. Co. v. NLRB*, 778 F.2d 132 (2d Cir. 1985)). Courts consider four factors to determine whether a single integrated enterprise exists: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240 (2d Cir. 1995) (internal citation omitted). The second factor is the most important. *See id.* at 1241.

The Amended Complaint makes the following allegations, among others, in support of a single employer relationship. First, under a paragraph titled "Interrelation of operations," it alleges: "the minute, hourly, daily, applications, referrals, personnel decisions, vouchers, computers, chain of command was shared between Def. BPHN, and Def. NYC . . . ." FAC at 10 ¶ 37. Second, a paragraph titled "Centralized Control of Labor Relations" alleges: "Defs NYC, and Def. BPHN labor relations were separated in location, but by using computers, supervision, monitoring, applications, training, funding, . . . these Defs in fact had computerized central control of labor relations, all personnel decisions." *Id.* Third, in a paragraph captioned

7

"Common Management," the Amended Complaint alleges that "Def. NYC had total control in fact of Def. BPHN" due to "the politics of total increased funding yearly . . . ." *Id.* at 11 ¶ 37. Finally, with respect to the fourth factor, the Amended Complaint alleges: "[g]iven Def. NYC 100 Per cent funding of Def. BPH N [sic] the increase of millions in funding of BPHN in recent years, the essential basic political nature of the creation and funding of BPHN since 2001, the Def. NYC has in effect and result total ownership and control of Def. BPHN." *Id.*

These allegations do not contain facts sufficient to plead "a single integrated enterprise." *Arculeo*, 425 F.3d at 198. To the extent they are comprehensible, the allegations are largely conclusory. But Plaintiff "must do more than simply state legal conclusions and recite the elements of the 'single employer' standard to survive a motion to dismiss." *McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51, 81 (S.D.N.Y. 2020) (quoting *Fried v. LVI Servs. Inc.*, No. 10-cv-09308 (JSR), 2011 WL 2119748, at *5 (S.D.N.Y. May 23, 2011)). Indeed, courts have uniformly found allegations similar to those in the Amended Complaint insufficient to plead a single employer relationship between the City and BPHN. *See, e.g.*, *Britton*, 2022 WL 4332735, at *2 (finding similar allegations insufficient because they were "conclusory recitations, including literal restatements of the elements of the single employer test"); *Byron*, 2023 WL 2585824, at *3 (finding similar allegations lacked "intelligible facts sufficient to find a single employer relationship"); *Flynn*, 2023 WL 3582201, at *3 (finding similar allegations "almost exclusively conclusory" and insufficient under the four-part test). As in *Britton*, *Byron*, and *Flynn*, the Court concludes that the Amended Complaint falls short of the single employer standard.

Even if the Amended Complaint contained additional factual allegations, Plaintiff's single employer theory would still fail because the Second Circuit has confined this theory "to

8

two corporate contexts: first, where the plaintiff is an employee of a wholly-owned corporate subsidiary and second, where the plaintiff's employment is subcontracted by one employer to another, formally distinct, entity." *Gulino*, 460 F.3d at 378. Neither context exists here. Moreover, "[c]ourts in this Circuit have been wary of extending the single-employer doctrine outside of these contexts, 'especially where, as here, a government entity is involved.'" *Britton*, 2022 WL 4332735, at *2 (quoting *Popat v. Levy*, 328 F. Supp. 3d 106, 119 (W.D.N.Y. 2018)); *see also Gulino*, 460 F.3d at 378 (declining to extend theory to cases involving various government relations because it would be "impracticable" and raise "constitutional concerns").

Accordingly, Plaintiff's single employer theory fails. *See, e.g.*, *Britton*, 2022 WL 4332735, at *2; *Byron*, 2023 WL 2585824, at *3; *Flynn*, 2023 WL 3582201, at *3.

### C. Joint Employer Theory

Finally, even if there is no formal or single employer relationship, a plaintiff may bring a claim under Title VII if "two or more entities . . . share significant control of the same employee." *Felder*, 27 F.4th at 843. Significant control exists where the defendant has the "power to pay an employee's salary, hire, fire, or otherwise control the employee's daily employment activities . . . ." *Id.* at 843-44; *see Lima v. Addeco*, 634 F. Supp. 2d 394, 400 (S.D.N.Y. 2009), *aff'd*, 375 F. App'x 54 (2d Cir. 2010) (stating similar factors). Put simply, the complaint must support an inference that "a constructive employer-employee relationship exist[ed]." *Felder*, 27 F.4th at 843-44.

In support of a joint employer relationship, the Amended Complaint alleges, among other things, that: "Plaintiff in her daily work was in minute by minute, hour by hour, day by day with Def. City agencies, was supervised and monitored, evaluated, and controlled when doing work . . . ." FAC at 7-8 ¶ 28. It alleges that Plaintiff's computer was "checked"; Plaintiff was

"trained, promoted, monitored by Def. City NY Dept. Homeless"; and Plaintiff's work at shelters was "monitored by Def. City DHS." *Id.* at 3 ¶¶ 17-18, 7-9. It alleges that BPHN's website listed the "City of NY Dept. Social Services, Dept. Homeless Services, Human Resources Administr., and others" among its "Partners." *Id.* at 3 ¶¶ 17. It further alleges that Plaintiff's employee "badge" stated: "City of New York, Bronx Parent Housing Network." *Id.* at 3 ¶ 18, 7 ¶ 27.

The Amended Complaint does not adequately allege a joint employer relationship. As with the single employer theory, many of Plaintiff's allegations concerning joint employment are mere "legal conclusion[s] couche[d] as . . . factual allegation[s]," which the Court need not accept as true. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's use of repetition – "minute by minute, hour by hour, day by day" – and listing of verbs disconnected from concrete facts do not change the result. The remaining *factual* allegations are simply insufficient for the Court to infer that the City exercised "significant control" over Plaintiff's employment. *Felder*, 27 F.4th at 843. The Amended Complaint does not allege that the City had the power to pay Plaintiff's salary. It does not allege that the City hired Plaintiff. Nor does it allege that the City terminated Plaintiff's employment or other facts sufficient to show the City otherwise controlled her daily employment activities. *See generally* FAC. Instead, the Amended Complaint alleges facts that tend to undermine the existence of a joint employment relationship: Plaintiff was directly "renumerated by BPHN"; Plaintiff was an "employee of Def. BPHN"; Plaintiff was "terminated from her employment at Def. BPHN"; and, importantly, after Plaintiff was terminated from her "position with Defendant BPHN," i.e., *after* the conduct at issue in this case, she left BPHN to start a new "job with the City of New York." *Id.* at 12, 15 ¶ 43, 16 ¶¶ 21-23. In sum, the Amended Complaint fails to allege that Plaintiff was jointly employed by the City while she was an employee at BPHN.

The court in *Britton*, *Byron*, and *Flynn* reached the same conclusion when considering substantially similar allegations involving the City and BPHN.  In *Britton*, the court concluded that the plaintiff failed to allege that the City was her joint employer because her pleadings were "either conclusory or insufficient" and "f[e]ll shorter still than other cases in this district where courts considered whether plaintiffs had established that a defendant who was not their formal employer was liable under Title VII as a joint employer and concluded that they failed."  2022 WL 4332735 at * 3.  In *Byron*, the court found that nearly identical allegations failed to plead a joint employer relationship "because they do not speak to whether the City had 'power to pay Byron's salary, hire, fire, or otherwise control [her] daily employment activities.'"  2023 WL 2585824 at *3 (quoting *Felder*, 27 F.4th at 844) (alterations adopted).  Likewise in *Flynn*, the court rejected the plaintiff's conclusory allegations and found the remaining allegations insufficient to plead a constructive employer-employee relationship.  2023 WL 3582201 at *3.  Plaintiff does not distinguish *Britton* despite Defendant's reliance on that case.  *See generally* Opp.  Plaintiff also appears to agree that this case should be evaluated similarly to *Byron* and *Flynn* given that she refers to the "Flynn complaint" and "Byron complaint" as her own in her opposition brief.  Opp. at 12, 18, 19, 20, 21, 22, 24.  As in *Britton*, *Byron*, and *Flynn*, the Amended Complaint does not plausibly plead a joint employer relationship.

Accordingly, Plaintiff's joint employer theory fails.  Because the Amended Complaint does not plausibly allege an employer-employee relationship between the City and Plaintiff under a formal, single, or joint employer theory, Plaintiff's Title VII claim against the City is dismissed.  *See Felder*, 27 F.4th at 847 (affirming dismissal of Title VII claims because "the complaint does not cross the line from the speculative to plausible on the essential Title VII requirement of an employment relationship").

### III. Count Five

The Amended Complaint asserts a perfunctory fifth cause of action supported by two sentences. *See* FAC at 21 ¶¶ 57-58. The first sentence states "[t]hat the Defendant City of New York had knowledge of the complaints of sex harassment of Director Rivera of employees and aid recipients, the settlements of money aid to victims of his harassment." *Id.* at 21 ¶ 57. The second sentence states "[t]hat the Defendant City of New York, ignored the enforcement of all discrimination and sex harassment laws against the Defendants, and continually to fund BPHN with millions of dollars of tax payer monies, paying and keeping Def. Dir. Rivera in his position as director where he was able to continue his and his friends and associates campaign of harassment, discrimination, retaliation, bribery, against of employees and aid recipients." *Id.* at 21 ¶ 58.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a "pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader." *Rodriguez v. Beechmont Bus Serv., Inc.*, 173 F. Supp. 2d 139, 145 (S.D.N.Y. 2001) (internal citation and quotation marks omitted). This standard ensures that a defendant is given "fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Here, the Amended Complaint does not identify any legal basis for the fifth cause of action. Nor can the Court reasonably discern any legal basis when construing the Amended Complaint liberally in Plaintiff's favor. The Amended Complaint does not identify any common law or statute that the City allegedly violated, indicate whether the claim arises under local, state,

or federal law, or allege any circumstances that allow the Court to infer a plausible legal basis for the claim. Plaintiff also fails to identify any legal basis in her opposition, instead repeating the Amended Complaint's allegations and vaguely referring to this claim as "a primie [sic] facie tort equivalent." Opp. at 25. In sum, neither Plaintiff's pleading nor her brief provides sufficient notice for Defendant to defend against the fifth cause of action and prepare for trial. *See, e.g.*, *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003) (affirming dismissal because complaint that failed to "explain[] what conduct constituted the violations, which defendants violated which statutes or amendments, or how the alleged violations harmed him . . . did not put the defendants on notice of the allegations against them"); *Britton*, 2022 WL 4332735, at *4 (dismissing similar claim because it was "unclear what law Britton believes the City of New York violated by funding BPHN, or what legal theory she would present at trial"); *Byron*, 2023 WL 2585824, at *4 (same); *Flynn*, 2023 WL 3582201, at *3 (same).

Accordingly, because Plaintiff fails to plausibly allege a claim or suggest any legal basis upon which the Court could grant relief, her fifth cause of action is dismissed.

### IV. Counts Two, Three, Four, and Six

Plaintiff asserts her second, third, fourth, and sixth causes of action under state and/or local law. Because the Court dismisses Plaintiff's federal claims, *see supra* Discussion §§ II-III, the Court declines to exercise supplemental jurisdiction over Plaintiff's state and/or local claims. *See* 28 U.S.C. 1367(c)(3); *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 325 (2d Cir. 2021) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." (quoting *Klein & Co. Futures, Inc. v. Bd. of Trade of N.Y.*, 464 F.3d 255, 262 (2d

13

Cir. 2006))).  Accordingly, Plaintiff's second, third, fourth, and sixth causes of action are dismissed.

### V. Leave to Amend

Rule 15(a) provides that courts "should freely give leave [to amend] when justice so requires."  Nonetheless, "it is within the sound discretion of the district court to grant or deny leave to amend."  *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)).  Leave "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party."  *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).  To seek leave to amend, a plaintiff must at least "provide some indication of the substance of the contemplated amendment before a court could entertain the request."  *Mariah Re Ltd. v. Am. Family Mut. Ins. Co.*, 52 F. Supp. 3d 601, 624 (S.D.N.Y. 2014); *see TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify . . . how amendment would cure the pleading deficiencies in its complaint.); *Gallop v. Cheney*, 642 F.3d 364, 369-70 (2d Cir. 2011) (holding that district court did not err by dismissing claim with prejudice "in the absence of any indication that [plaintiff] could – or would – provide additional allegations that might lead to a different result").

Here, Plaintiff has already amended her pleading once.  Plaintiff did not request to amend her pleading again when Defendant filed its motion to dismiss, nor does Plaintiff now request leave to amend.  *See* Reply at 10 n.9; *see generally* Opp.  Accordingly, the federal claims against the City are dismissed with prejudice.  *See, e.g.*, *Felder*, 27 F.4th at 848 (concluding there was "no error or abuse of discretion in the District Court's dismissal of Felder's complaint with

prejudice, as Felder did not request leave to re-amend"); *Trautenberg v. Paul, Weiss, Rifkind, Wharton, Garrison LLP*, 351 F. App'x 472, 474 (2d Cir. 2009) ("Given that Trautenberg did not move for leave to replead in opposition to Paul Weiss' motion to dismiss his original complaint with prejudice, the district court did not abuse its discretion by failing to grant him, sua sponte, leave to replead."); *Byron*, 2023 WL 2585824, at *4 (dismissing claims with prejudice since the plaintiff "already amended her complaint once and does not request leave to amend again").

Because the Court declines to exercise supplemental jurisdiction over Plaintiff's state and/or local claims rather than decide them on the merits, Defendant's request that dismissal of these claims be with prejudice is denied and the claims are instead dismissed without prejudice. *See Pavone v. Puglisi*, 353 F. App'x 622, 626 (2d Cir. 2009) ("[I]f state claims are dismissed because the district court does not exercise supplemental jurisdiction, such claims should be dismissed without prejudice." (citing *Chanayil v. Gulati*, 169 F.3d 168, 171-72 (2d Cir. 1999))).[2]

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is hereby GRANTED in part and DENIED in part. Counts One and Five are DISMISSED with prejudice, and all other counts are DISMISSED without prejudice to renewal in state court.

The Clerk of Court is respectfully directed to CLOSE the case.

Dated: June 14, 2023
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

---

[2] The Court has considered Plaintiff's remaining arguments and finds them to be without merit. *See generally* Opp.